# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**MCELROY COAL COMPANY,**
**Employer Below, Petitioner**

**FILED**

February 21, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0038** (BOR Appeal No. 2053171)
                    (Claim No. 2013002855)

**JOSHUA RICHARDS,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner McElroy Coal Company, by Counsel Denise D. Pentino and Aimee M. Stern, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Joshua Richards, by Counsel William C. Gallagher, filed a timely response.

The issue on appeal is vocational rehabilitation benefits. The claims administrator closed the claim for vocational rehabilitation on February 5, 2018. The Office of Judges reversed and remanded the decision in its July 13, 2018, Order with instructions to form a rehabilitation plan and pay Mr. Richards temporary total disability benefits until completion of the rehabilitation plan or rejection of the plan by Mr. Richards. The Order was affirmed by the Board of Review on December 21, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Richards, a track man, was injured in the course of his employment on July 19, 2012, when the man bus he was operating was struck by another bus. The July 21, 2012, Employees' and Physicians' Report of Injury indicates he injured his lower back and neck. The claim was held compensable for post-concussion syndrome, neck sprain, headache, unspecified head injury, and lumbar sprain.

1

Mr. Richards underwent a left L4-5 microdiscectomy for a herniated disc in October of 2015. In January of 2017, he underwent lumbar spine surgery due to a recurrent herniated disc, radiculopathy, and lower back pain. Mr. Richards was referred for a permanent partial disability evaluation on May 12, 2017. The claims administrator listed the compensable diagnoses as fusion of lumbar spine, fusion of cervical spine, left foot drop, and lumbar intervertebral disc disorder with radiculopathy.

A May 31, 2017, physical therapy treatment note indicates Mr. Richards reported that he felt "okay" and that he was going back to school to prepare for a new job. On August 29, 2017, a functional capacity evaluation was performed and indicated Mr. Richards was at the medium physical demand level. It was noted that he last worked in 2015 and had been off of work for two years. A workers' compensation duty form was completed at MedExpress on November 20, 2017, and indicated Mr. Richards could work modified duty. He had limitations in lifting, was unable to work underground, could not wear steel toed shoes, could stand/walk for half of a shift only, and needed breaks as required.

In a December 22, 2017, letter to the claims administrator, Mr. Richards's counsel requested referral for vocational rehabilitation since Mr. Richards's back and foot drop prevented him from returning to the mines. On December 28, 2017, the claims administrator granted twenty hours of plan development if it was determined by a rehabilitation evaluation that Mr. Richards would benefit from the services. The authorization dates were December 28, 2016, through February 28, 2017. Mr. Richards's counsel submitted another letter on January 16, 2018, in which he asked if Mr. Richards would be receiving temporary partial rehabilitation benefits as his employment begins. It was noted that Mr. Richards was approved for an apprenticeship program with a local union.

The claims administrator determined on January 25, 2018, that Mr. Richards is not eligible for temporary partial rehabilitation benefits because a rehabilitation plan was not written or implemented. His return to work was therefore not part of a rehabilitation plan. On February 1, 2018, a closure report was prepared by Erin Saniga, M.Ed., C.R.C. It was indicated that the claim was being closed because Mr. Richards was not eligible for vocational services due to his acceptance into a program outside of participation in a rehabilitation program.

In a February 16, 2018, letter to the claims administrator, Mr. Richards's counsel stated that he is in an apprenticeship program but it is a schooling process until work is actually available. Claimant's counsel stated that steady work would likely not be available until April and there was no guarantee of employment. He asserted that Mr. Richards would still benefit from a vocational rehabilitation program.

The claims administrator closed the claim for vocational rehabilitation on February 5, 2018. The Office of Judges reversed and remanded the decision on July 13, 2018, with instructions to form a rehabilitation plan and pay Mr. Richards temporary total disability benefits until completion of the rehabilitation plan or rejection of the plan by Mr. Richards. It found that Ms. Saniga performed a file closure review in which she stated that Mr. Richards was ineligible for rehabilitation benefits since he was accepted to an apprenticeship program outside of his

rehabilitation plan. The Office of Judges determined that Mr. Richards had a referral for vocational rehabilitation and that the process should have proceeded from that point. His apprenticeship would not have caused rehabilitation efforts to cease. The apprenticeship program was paid for by Mr. Richards and there is was no guarantee of employment. The Office of Judges concluded that the reason for the closure of the claim was the apprenticeship but it appears from Ms. Saniga's report that the apprenticeship would not result in gainful employment. The Office of Judges noted that the apprenticeship was for iron working, which is a heavy physical demand level that Mr. Richards is not capable of performing. Further, he was not paid for his time in the classroom. The Office of Judges therefore held that Mr. Richards was entitled to vocational rehabilitation to assist him in returning to gainful employment. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on December 21, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Though Mr. Richards enrolled in an apprenticeship outside of vocational rehabilitation services, such apprenticeship is unpaid and unlikely to lead to gainful employment. Further, Mr. Richards cannot physically perform the job for which the apprenticeship is training him. As he has not return to gainful employment, Mr. Richards was properly afforded vocational rehabilitation services and temporary total disability benefits until such time that he returns to work.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 21, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison